JUDGE PETERS
delivered the opinion of the court:
This is an action in equity by appellees against True and appellant Bowen, as stated in the caption of the petition. In the subsequent parts thereof he is more than twice called a defendant; process was sued out against him, and actually served upon him, showing that it is emphatically a suit against him; and he is called on to answer and say in what amount he is indebted to his co-defendant, True, and although served with the summons, he fails to answer, and judgment was, upon the petition being taken for confessed, rendered against him *346 for the smallest sum named as the amount of his indebtedness to True.
It is alleged in the petition that appellees had recovered a judgment against True, had sued out execution thereon, and had a return of “no property” by the proper officer. The averments in the petition were sufficient to reach the choses in action and other interests of True subject by statute to the payment of debts under section 474, Civil Code. Or it may be regarded as a proceeding under section 248, Civil Code, by wffiich the proceeding will be regarded as an action against appellant as garnishee; and, upon the service of the summons, it would properly proceed as other actions, and the petition would then be taken for confessed, when no answer was put in by the garnishee, as is the fact in this case, and judgment be rendered against him for the sum alleged to be owing by him to his co-defendant, wffiich the plaintiff would have a right to enforce by execution; so that the judgment was authorized in this as a proceeding under either section of the Civil Code quoted, and, consequently, must be affirmed.