*Roe & Roe, for appellant.*

*T. H. Paynter, for appellee.*

---

WEAREN & EVANS *v.* S. B. MATHENEY.

[Kentucky Law Reporter, Vol. 3—710.]

**Attachment and Garnishment.**

When one summoned as a garnishee fails to make a disclosure satisfactory to the plaintiff, the latter may, either by an amended petition in that action or by another action, seek a personal judgment against him and also obtain an attachment; and when he seeks such a recovery in an independent action the garnishee may not successfully demur because at the time the other action is pending between the same parties and for the same cause.

APPEAL FROM LINCOLN COURT OF COMMON PLEAS.

April 6, 1882.

OPINION BY JUDGE LEWIS:

On the 19th of April, 1877, Wearen & Evans filed their petition against one P. F. Smith to recover judgment against him upon two promissory notes. An attachment was issued against the property of Smith, Matheney and others being summoned as garnishees. But on the 19th of July, 1877, before the term of court at which the garnishees were required to answer, an amended petition was filed and an attachment issued against the property of Matheney. At the September term of the court, judgment by default was rendered against Smith and the attachment sustained as to him. But as to Matheney the attach-

ment was discharged, and the demurrer filed by him to the amended petition sustained and the amended petition dismissed, and the summons on the attachment against him quashed.

This action was brought on the 20th of May, 1878, against Matheney alone, under Civ. Code (1876), § 227. In the petition, in addition to the foregoing facts, it is alleged that no part of the judgment against Smith had been satisfied, that the defendant, Matheney, was indebted to Smith in a large sum, and that the answer and disclosure made by Matheney as garnishee in the action of Wearen & Evans against Smith and others is untrue. An attachment against his property was issued, and a personal judgment sought against him.

The court having sustained the special demurrer filed, and dismissed the petition and amended petitions, this appeal is prosecuted by the plaintiffs in the action. The ground of the demurrer sustained by the court is that there was, at the time, another action pending in the court between the same parties and for the same cause.

By Civ. Code (1876), § 227, it is provided that "If a garnishee fail to make a disclosure, satisfactory to the plaintiff, the latter may bring an action against him, by petition or amended petition, in the same manner, and the proceedings therein shall be the same, as in other actions; and the plaintiff may procure an order of attachment in the same manner, and the proceedings thereupon shall be the same, as * * * authorized concerning attachments." Under that section it is clear that if the garnishee fail to make a disclosure satisfactory to the plaintiff the latter may, either by an amended petition in that action or by another action, seek a personal judgment against him, and also obtain an attachment as in other actions.

When this action was commenced there was no such action, as is authorized by that section of the code, pending against appellee, but he was before the court in the case of *Wearen & Evans v. Smith,* 80 Ky. 216, 3 Ky. L. 708, simply as a garnishee, and answered as a garnishee. It is true an amended petition had been filed in that action and attachment issued against him. But they were both premature, and the petition was properly dismissed and the attachment discharged.

There was not, in our opinion, at the time the demurrer was sustained to the petition and amended petition in this case,

another action pending between the same parties for the same cause. Wherefore the judgment of the court below is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*J. S. & R. W. Hocker, Hill & Alcorn, for appellants.*
*M. C. Saufley, for appellee.*