### Williams v. Davenport, et al.

(Decided October 1, 1918.)

#### Appeal from Pulaski Circuit Court.

Fraudulent Conveyances—Action to Set Aside—Venue.—A suit brought by a judgment creditor upon a return of no property found, under the provisions of section 439 of the Civil Code of Practice, to set aside a fraudulent conveyance of land and subject it to the payment of his judgment, must be brought in the county where the land or some part of it is situated.

VIRGIL P. SMITH for appellant.

H. C. GILLIS, J. B. SNYDER and JAMES DENTON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The question presented by this appeal is what court has jurisdiction of a suit based upon a return of *nulla*

*bona,* brought in the court where the judgment sought to be collected was rendered, attacking as fraudulent a conveyance of land located in another county, the defendants residing and having been summoned in still a third county. It arises in this way: The appellant, R. A. Williams recovered a judgment in the Pulaski Circuit Court against the appellee, J. A. Davenport. At the time of filing the suit in which the judgment was recovered, Davenport and his wife resided in Whitley county, but he owned land in McCreary county. An execution issued on the judgment directed to the sheriff of Whitley county was returned "No property found," after which this suit was filed under the provisions of section 439 of the Civil Code, seeking to attack and declare null and void a deed which J. A. Davenport had in the meantime executed to his wife, M. J. Davenport, conveying to her the land in McCreary county. It is conceded that plaintiff's pleading is in due form, and no complaint is made of it. An attachment was obtained and it was levied on the McCreary county land. The defendants in the *nulla bona* suit failed to answer, and the court upon taking the allegations of the petition for confessed rendered judgment cancelling the deed and ordered the land sold, giving the plaintiff a lien on the proceeds, and sustained the attachment. During the same term of court the master commissioner sold the land and filed his report, which was confirmed. Before the expiration of the term the defendants appeared in court and entered a motion to set aside the judgment, the sale, and all succeeding orders. A number of grounds were stated in the motion, the chief one being that the court was without jurisdiction to enter the judgment. The court, upon hearing, sustained the motion, set aside the sale and judgment, and dismissed the attachment as well as the action, and from that order this appeal is prosecuted.

The remedy provided by section 439 is one for the purpose of enabling the plaintiff in a judgment to appropriate to its satisfaction property of the defendant in the judgment which the ordinary process of law can not reach, and it is never called into service except in a proceeding based upon a judgment, and can not then be invoked until it has been legally demonstrated that the judgment can not be collected by execution, which demonstration is effected by a due return of no property found. In other words, the suit provided by that section can

never be maintained except upon a judgment, and after such return. Prior to 1896 that remedy was generally invoked when it was sought to assert and enforce a lien upon land alleged to be fraudulently conveyed, although such a conveyance could be and was attacked in a suit based upon an ordinary debt not reduced to judgment by procuring the levy of an attachment upon the land sought to be subjected. In the year mentioned the legislature enacted section 1907a of our present statutes (Carroll's edition, 1915), which is in these words:

"That hereafter in this Commonwealth it shall be lawful for any party who may be aggrieved thereby, when any real property has been fraudulently conveyed, transferred or mortgaged, to file, in a court having jurisdiction of the subject matter, a petition in equity against the parties to such fraudulent transfer or conveyance or mortgage, or their representatives or heirs, alleging therein the facts showing their right of action and alleging such fraud, or the facts constituting it, and describing such property, and when done a *lis pendens* shall be created upon the property so described, and said suit shall progress and be determined as other suits in equity, and as though it had been brought on a return of *nulla bona,* as has heretofore been required. All laws or parts of laws in conflict herewith are hereby repealed."

Since then it has not been necessary, in order to assail a conveyance of land as fraudulent, to invoke the remedy provided by section 439, *supra,* when the plaintiff's claim was in the form of a judgment, or to procure an attachment if his claim was not reduced to a judgment. O'Kane v. Vinnedge, 108 Ky., 34; Locheim v. Eversole, 24 Ky. Law Rep. 1031; Cooke v. Hume's Ex'x, 33 Ky. Law Rep. 162, and many other cases following. These cases hold that the remedy provided by the section of the Code, *supra,* for relief against a fraudulent conveyance of land when the plaintiff's claim was in the form of a judgment was abrogated by section 1907a, *supra,* for we find this court in the Crooke case saying:

"By this enactment the old rule of practice was abrogated and an entirely new rule was substituted therefor, so that now a creditor upon learning that his debtor is disposing of his property and conveying away his real estate without making provision for the payment of his debt can go into a court of equity and, by complying with

section 1907a, Kentucky Statutes, subject the property so alienated or conveyed, without having first reduced his claim to a judgment and had a return of 'No property found' thereon. The validity of this act of 1896 has been considered and upheld by this court in the cases of O'Kane v. Vinnedge, 21 Ky. Law Rep. 1551; Campbell v. Trosper, 22 Ky. Law Rep. 277, and Locheim v. Eversole, 24 Ky. Law Rep. 1031.''

Section 70 of the Civil Code fixes the venue of the action furnished by section 439 ''in the county in which the judgment is rendered, or in which the defendant resides or is summoned,'' and it is insisted on behalf of appellant that in this case the suit could not have been brought in McCreary county, where the land is located, because the defendants neither resided nor were summoned in that county, nor was it the county in which the judgment was rendered. There would be force in this contention were it not for the provisions of section 62 of the Civil Code, and conceding it to be necessary for the plaintiff to invoke the remedy furnished by section 439. Section 62, in so far as applicable, says: ''Actions must be brought in the county in which the subject of the action, or some part thereof, is situated—for the recovery of real property, or of an estate or interest therein. . . . For the sale of real property under title 10, chapter 14, or under a mortgage lien, or other encumbrance or charge, except for debts of a decedent.''

This court, in applying section 62, has consistently and without deviation held that only circuit courts of the counties where the land or some part of it lies has jurisdiction in suits involving its title, an illustration of which is found in the case of Graham's Heirs v. Kitchen, 118 Ky. 18, where it is said: ''Jurisdiction is vested exclusively in the circuit courts of counties where the land, or some part of it, lies, of suits involving its title. Section 62, Civil Code.''

We have recently held, in the case of Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454, that a suit to set aside a fraudulent conveyance of land and to subject it to the payment of the plaintiff's debt was one involving the title to land, the court saying: ''Moreover, the matter in controversy here is the validity of the conveyances from H. C. Lewis and C. J. Lewis to Rhoda E. Lewis, and involves the title to land.'' In that case a motion was made to dismiss some of the appeals because the amounts

involved were insufficient to give this court jurisdiction, but the motion was denied because the proceedings sought to set aside a fraudulent conveyance of land, thereby involving its title. It will therefore be seen that section 62 of the Code localizes this character of action.

Section 439 is not exclusively adapted to this character of relief, although its terms are broad enough to include the remedy, especially so prior to the enactment of section 1907a, *supra.* Evidently section 70 intended to fix the venue of suits brought under section 439, the venue of which was not fixed by other sections of the Code, and this court so held before the enactment of the section of the Statute, *supra,* in the cases of Marcum v. Powers, 10 Ky. Law Rep. 380, and Treadway v. Turner, *idem,* 949. Those cases were in all respects similar to the instant one. They were instituted upon a return of "No property found," to set aside a fraudulent conveyance of land, and in the Marcum case the court said: "The land which the appellee sought to subject to his debt lies in Wayne county. It was therefore proper for the appellee to bring his action in that county."

In the Treadway case conveyances of land in both Montgomery and Bath counties were attacked, and it was contended that the Montgomery circuit court, in which the suit was brought did not have jurisdiction to litigate the questions involved concerning the land in Bath county, or to subject it to the plaintiff's debt. But this court, through Judge Bennett, answering that contention said:

"It is said that as to the Bath county land the Montgomery circuit court had not jurisdiction to subject the same to the debt. This is true unless there was some other fact that gave the Montgomery circuit court jurisdiction. Such fact does exist, for the land originally fraudulently conveyed was situated in Montgomery county, and the proceeds of a part of it had been invested in land in Bath county, to reach which it was necessary to show that the conveyance of the Montgomery county land was fraudulent. For this purpose the appellants and other vendees were proper parties to the action for the purpose of setting aside the conveyance of the Montgomery and Bath county lands and subjecting them to the payment of appellee's debt; there was but one debt and one cause of action, and both pieces of property were liable to that cause of action; and the Montgomery circuit court having jurisdiction to subject the

land lying in Montgomery county to said cause of action, it follows that it had jurisdiction to subject the Bath county land also. Civil Code, section 62. Otherwise, there would be the absurdity of having two actions—one in Montgomery and the other in Bath—against the same parties and for the same cause of action.''

It will be observed that in that case the only fact which gave the court jurisdiction concerning the Bath county land was the one that some of the land similarly involved was located in Montgomery county, where the suit was instituted, which is allowed by section 62 of the Civil Code, giving jurisdiction to the circuit court of the county ''in which the subject of the action (land) or some part thereof is situated.''

In the case of Bramlett v. Couch, 32 Ky. Law Rep., 311 (decided since the enactment of section 1907a) there was involved a question quite analogous to the one now under consideration. The suit was one brought in the Jefferson circuit court upon a return of ''No property found,'' and it was sought to subject land held by the defendant situated in Leslie county. Strangers to the judgment who claimed an interest in the land adverse to the creditor-defendant were brought into the suit, and they asserted their adverse claim. It was insisted below that the Jefferson circuit court had no jurisdiction to try the issues concerning the title to the Leslie county land or to subject it to the plaintiff's debt if found to belong to the defendant, and this view was upheld by the Jefferson circuit court and the litigation concerning the Leslie county land was dismissed, from which an appeal was prosecuted to this court, where the judgment was affirmed, the court, in finally disposing of the question, saying:

''Where the possession is adverse and the action is for the recovery of the land, the venue is, in all cases, in the county where the land is situated. (Code, section 62). This provision is not inconsistent with section 439, which provides for a different kind of action.

''The views here expressed are sustained by the decision of the Court of Appeals in the late case of Metcalfe v. Commonwealth Land and Lumber Co., 24 Ky. Law Rep. 527, 113 Ky. 751, where this court undertook, in this case, to pass upon the conflicting claims to land in Harlan county, which formerly belonged to the Commonwealth Land and Lumber Co., and that court expressly

held that the venue of such an action was in Harlan county.

"That decision is considered, in principle, as conclusive of this case. The suit is really an action, first, to quiet the title of the Commonwealth Land & Lumber Co. to this tract of land, and secondly, to sell it in satisfaction of plaintiff's debt. But this must be done in the county where the land, or some part of it, lies. (Kentucky Statutes, section 11.)"

The statement in the excerpt that "this provision is not inconsistent with section 439, which provides for a different kind of action," we have no doubt refers to other actions provided by that section, which do not involve the title to land. It would therefore appear that the cases, *supra*, hold the venue of this character of case (being one involving title to land) to be in the county where the land alleged to be fraudulently conveyed, or some part of it, lies, and this independent of the effect of the enactment of section 1907a upon the provisions of section 439 of the Code. Since the enactment of that section, suits for relief against fraudulent conveyances of land, and to subject it to the payment of plaintiff's claim, may be brought without a return of "No property found," and of course after, as well as before, judgment. The prerequisite of such a return is no longer essential, and it might be seriously questioned whether since the passage of the 1896 act the provisions of section 439 are applicable to suits of this character. However, we are not called upon to determine that question in this case, for although the suit be brought after a return of "No property found," that fact would not furnish grounds for a dismissal, and would be wholly unnecessary. We therefore conclude that the Pulaski circuit court was without jurisdiction to render the judgment cancelling the deed and ordering the land sold, and that the court properly sustained the motion to set it aside, as well as the sale made thereunder.

There are allegations in the petition sufficient to give the Pulaski circuit court jurisdiction to discover any property which the defendant might own within the jurisdiction of that court, and to subject it to the payment of the judgment. This would make the order dismissing the suit technically an error, but it is conceded by both sides to the controversy that there is nothing involved except the McCreary county land, and it is agreed that

the disposition of the questions concerning it dispose of the entire case. Under those conditions, we are not inclined to reverse the judgment for the technical error referred to and have it pend upon the docket of the circuit court without accomplishing any purpose.

Wherefore, the judgment is affirmed.