(No. 12682.—Reversed and remanded.)

THE LaSalle Opera House Company, Appellee, vs. THE LaSalle Amusement Company, Appellant.

*Opinion filed June 18, 1919—Rehearing denied October 27, 1919.*

1. DEBTOR AND CREDITOR—*Bulk Sales act applies to sale of property used in theatre business.* The Bulk Sales act applies to a sale by an opera house company of its lease, furniture, fixtures, equipment and the good will of the theatrical business, as the act applies to any sale in bulk of the major part or all of the goods and chattels of the vendor's business otherwise than in the ordinary course of trade. (*Weskalnies* v. *Hesterman*, 288 Ill. 199, followed.)

2. GARNISHMENT—*statutory conditions to issuance of garnishment process are essential to jurisdiction.* A garnishment proceeding is a statutory mode of obtaining execution after the means known to the common law have been employed and have failed, and to give the court jurisdiction the conditions enumerated in section 1 of the Garnishment act for the issuance of process must be shown to have been complied with.

3. SAME—*affidavit that execution was issued and returned "no property found" is not evidence of the fact.* The Garnishment act requires that an execution shall have been actually issued and returned, but the statement in the affidavit for the issuance of the garnishment process that the execution was issued and returned "no property found" is not evidence of that fact.

4. SAME—*garnishee may question jurisdiction of court in original proceeding.* All portions of the record in the original proceeding having a bearing on the question of the jurisdiction of the court in rendering a judgment therein are part of the record in a garnishment proceeding, and the garnishee may inquire into the validity of the proceedings by which the court acquired jurisdiction of the judgment debtor.

5. SAME—*to sustain judgment against garnishee, issue and return of execution must be shown.* The issue and the return of the execution are not part of the common law record in the original proceeding, but they, together with the affidavit for the summons against the garnishee, are the means of acquiring jurisdiction in a garnishment proceeding, and are therefore a part of the record which must be shown, on appeal, to sustain a judgment against the garnishee.

6. SAME—*when garnishee may be subrogated to rights of lienholders.* Under section 24 of the Garnishment act the court exercises an equitable jurisdiction in a garnishment proceeding, and

where a party has, without actual fraud, purchased the property of a vendor, who applies the purchase money in the satisfaction of debts which were liens upon such property, the purchaser may be subrogated to the rights of the lienholders when a judgment creditor of the vendor seeks to garnishee the property.

7. BILLS OF EXCEPTIONS—*when nunc pro tunc order for filing bill is proper.* If a bill of exceptions is presented to the judge within the time fixed by the order of court for filing the same, the judge may sign the bill after the expiration of such time and order the bill filed *nunc pro tunc* as of the date of presentation.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

WICKETT, WALKER & WEGG, (SILBER, ISAACS, SILBER & WOLEY, and C. J. SILBER, of counsel,) for appellant.

ADOLPH MARKS, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Goes Lithographing Company recovered a judgment on June 4, 1916, in the municipal court of Chicago, against the LaSalle Opera House Company for $1348.18 and costs, and on March 6, 1917, filed with the clerk of that court the affidavit required by section 1 of the Garnishment act, whereupon a garnishee summons was issued and served on the LaSalle Amusement Company. The garnishee answered, denying any indebtedness to the judgment debtor or the possession of any property belonging to it, and the judgment creditor took issue on the answer. The cause was heard by the court without a jury, and at the close of the evidence the garnishee moved that it be discharged, but the court overruled the motion and rendered judgment against the garnishee, for the use of the judgment debtor, for the amount of its judgment. The Appel-

late Court, having affirmed the judgment, granted a certificate of importance, and the garnishee has appealed.

The LaSalle Opera House Company was engaged in conducting a theater in property for which it held a lease. In 1913 it issued $40,000 of bonds, upon which it defaulted in 1914. Besides the bonds it owed other debts which were a lien upon its property. On June 9, 1914, the LaSalle Opera House Company sold its lease and all its furniture, fixtures, equipment and tangible property, together with the good will of the theatrical business, its trade-mark and trade names, and all other property which it owned, to the LaSalle Amusement Company for the consideration of $50,000, which was paid to it by the purchaser. The Goes Lithographing Company was at the time a creditor of the LaSalle Opera House Company and no notice was given to it of the sale. The LaSalle Opera House Company had no other assets. It paid its bonds with the purchase money received and applied the residue of the purchase price to the payment of other debts which were liens upon the property.

The principal question is whether the Bulk Sales act, which was passed in 1913, (Laws of 1913, p. 258,) applies to this sale, and the appellant argues that the personal property employed by a non-trading or non-mercantile corporation which is not the subject of purchase and sale in the ordinary course of its business is not governed, as to the transfer thereof, by the requirements of the Bulk Sales act. We had this question under consideration at the last term in the case of *Weskalnies* v. *Hesterman,* 288 Ill. 199, where it was claimed that the sale by a farmer and dairyman of all the live stock, agricultural implements and farm machinery used on his farm was not subject to the provisions of the Bulk Sales act; that the act did not apply to farmers but only to those engaged in selling merchandise, commodities and other wares. The conclusion reached was that the act applied to any sale in bulk of the major part or all of the goods and chattels of the vendor's business

otherwise than in the ordinary course of trade and in the regular and usual prosecution of the vendor's business.

The appellant insists that the judgment should be reversed because the record does not show an execution was issued on the judgment against the LaSalle Opera House Company and returned "no property found" before the issue of the garnishee summons, as required by section 1 of the Garnishment act. The record of a judgment, the issue of an execution, its return "no property found;" and the affidavit of the plaintiff or other credible person that the defendant has no property, within the knowledge of the affiant, in his possession liable to execution, and that the affiant has just reason to believe that any other person is indebted to the defendant or has effects or estate of the defendant in his possession, custody or charge, are conditions precedent to the issuance of a garnishee summons. These acts are indispensable to maintain the proceeding, which is a statutory mode of obtaining execution after the means known to the common law have been employed and failed, and can only be resorted to after the requirements of the statute have been complied with as conditions to issuing the process. (*Michigan Central Railroad Co.* v. *Keohane,* 31 Ill. 144.) In the absence of any one of the required conditions the court has no jurisdiction of the proceeding.

The appellee meets this objection by referring to the affidavit for the summons against the garnishee and the fact that the bill of exceptions does not contain all the evidence, and argues that therefore the presumption is that there was sufficient evidence to warrant the court in finding the issue and return of the execution. The affidavit does state that an execution was issued and returned "no property found," but this is not evidence of the fact. The statute does not require an affidavit in regard to the issue and return of the execution but does require that the execution shall have been actually issued and returned, and it has not made the affidavit evidence of that fact. The question of the issue

and return of the execution was not material to the trial of the issue as to the truth of the discovery made by the garnishee, and therefore no evidence on that question could have been introduced on the trial of that issue or would have had a proper place in the bill of exceptions. Garnishment is a statutory proceeding, in which no presumption of jurisdiction is indulged but a compliance with the statutory requirements must appear. The proceeding being a means of procuring satisfaction of the original judgment, the garnishee may inquire into the validity of the proceedings by which the court acquired jurisdiction of the judgment debtor. (*Kirk* v. *Dearth Agency,* 171 Ill. 207.) All portions of the record in the original proceeding having a bearing on the question of the jurisdiction of the court in rendering a judgment are part of the record in the garnishee proceedings. (*Dennison* v. *Taylor,* 142 Ill. 45.) The execution issued and its return are not part of the common law record in the original proceeding, but they, together with the affidavit for the summons against the garnishee, are the means of acquiring jurisdiction in the garnishee proceedings, and are therefore a part of the record which must be shown to sustain a judgment against the garnishee. The absence of them from the record is fatal to the judgment.

The appellant contends that the property sold was subject to liens to its full value, which were paid by the vendor out of the purchase money; that there was therefore nothing of value which the creditor could have reached, and that the liens should not be regarded as extinguished by their payment without the right of the appellant to subrogation. It claims the benefit of the equitable principle that when a conveyance of property has been avoided by creditors of a grantor it may be upheld in favor of a grantee who is free from actual fraud to the extent of the actual consideration, and he may be subrogated to the rights of the holders of liens whose incumbrances he has paid. (*Phelps* v. *Curts,* 80 Ill. 109; *Lobstein* v. *Lehn,* 120 id. 549; *Lewis* v. *Wil-*

*kinson*, 113 N. Y. 485; *Adams* v. *Young*, 200 Mass. 588.)
In the last case cited this rule was applied to a sale made
in violation of the Bulk Sales act of Massachusetts, and it
was said that the merely constructive fraud of a purchaser
would not prevent him from being protected in this man-
ner if he had not himself actually participated in the fraud.
It was held that the defendants had the right to rely upon
a mortgage of which they had taken an assignment, and it
was further said: "If it were necessary to pass upon that
question it would not be easy to avoid saying that they could
rest also upon the mortgage which was paid and discharged.
It was their money that paid the mortgage debts. The fact
that the money passed through the hands of the mortgagors
and the form of the transfer which the defendants took can
not overcome the real effect of the transaction." That case
was a suit in equity while this is a proceeding in garnish-
ment, but under section 24 of the Garnishment act, which
gives the court power to make all orders in regard to prop-
erty under the control of the garnishee which may be nec-
essary or equitable between the parties, the court exercises
an equitable jurisdiction.

The appellee insists that the appellant cannot now have
the advantage of this rule because it stipulated in the mu-
nicipal court that if the court found in favor of the appel-
lee it might render a judgment against the appellant for
the amount of the appellee's judgment claim instead of en-
tering judgment for the delivery of the property itself, and
consequently it cannot now raise the point that the property
purchased was not of sufficient value to satisfy the judg-
ment claim. There is no estoppel of the appellant by rea-
son of this stipulation. The object of the stipulation was
merely to authorize a judgment for the value of the prop-
erty for the amount of the judgment instead of the delivery
of the property itself, and is based on the hypothesis that
the court finds in favor of the appellee. The appellant did
not agree that judgment might be entered against it ab-

solutely or at all, but its stipulation was that if the court found in favor of the appellee and did render judgment against it, the judgment which should be rendered should be a judgment for money instead of for the delivery of the property.

The appellant was allowed sixty days from June 23, 1917, to file a bill of exceptions.. The bill was presented to the judge on August 20 for signature and he signed it on September 29 ·nunc pro tunc as of August 20. An order of court was entered on September 29 for filing the bill on that date as of August 20, and it was so filed. This was in conformity with the proper practice, and the bill of exceptions thereby became a part of the record. *Hall* v. *Royal Neighbors,* 231 Ill. 185; *Hill Co.* v. *United States Guaranty Co.* 250 id. 242; *City of Lake Forest* v. *Buckley,* 276 id. 38; *City of East St. Louis* v. *Vogel,* id. 490.

The judgments of the Appellate Court and the municipal court are reversed and the cause is remanded to the municipal court.                    *Reversed and remanded.*