## Ray v. Peter Fox Sons Co. of Kentucky.

(Decided March 8, 1938.)

TRIMBLE & TRIMBLE for appellant.

WHITE & CLARK for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

In April, 1934, J. C. Ray instituted an action at law against J. P. Bandy and the Peter Fox Sons Company, a Kentucky corporation, hereinafter designated as the company, alleging in his petition that on January 7, 1929, J. P. Bandy executed and delivered to him a note for $6,795, payable 12 months after date which was due

and no part except some small credits had been paid; that the defendant Bandy had rendered services to the company and had sold and delivered to it goods, wares, and merchandise in the sum and of the reasonable value of $1,250. He set up grounds for attachment and asked that the company be summoned as garnishee.

Summons which issued on the petition for both of the defendants named therein, and an order of attachment was served on the company and it was also summoned as garnishee, but Bandy was brought before the court on constructive service, he being a nonresident of the state.

On February 27, 1934, neither the company, as garnishee, nor the defendant Bandy having appeared or filed answer, a default judgment was entered wherein it was adjudged that the plaintiff recover of the company the sum of $1,250 with interest from April 14, 1934, and the costs of the action. Thereafter the company entered a motion to set aside the judgment against it; and, after execution had been issued on the judgment and placed in the hands of the sheriff, it instituted this equitable action against J. C. Ray and T. W. Pardue, sheriff of Christian county, setting up proceedings and judgment in the common-law action and asked that the judgment against it be vacated and set aside on grounds unnecessary to enumerate and that Ray and the sheriff be enjoined from further proceeding upon the judgment or levying or collecting the execution.

On final hearing the court denied the relief sought in the equitable action, but sustained the motion to set aside the default judgment against Peter Fox Sons Company in the common-law action on the ground that no judgment had been rendered thereon against the principal defendant, J. P. Bandy, and that there had been no hearing of proof in the action as to whether the garnishee defendant was indebted to J. P. Bandy and that no steps had been taken to compel a disclosure of the alleged indebtedness set up in the petition, and therefore the court had no power or authority to render judgment by default against the company; that the judgment rendered was wholly beyond the jurisdiction of the court and therefore void. J. C. Ray is appealing from that part of the judgment sustaining the motion to set aside the judgment in the common-law action.

It is argued by counsel for appellant that the de-

fault judgment against the garnishee is not void but at most only erroneous if obtained without strict compliance with the provisions of the Civil Code of Practice and Bowen v. Emmerson, 4 Bush 345, and sections 227 and 439 of the Civil Code of Practice are cited. Section 439 of the Code provides in effect that after judgment and return of nulla bona the plaintiff in the execution may institute an equitable action for discovery, etc., and persons indebted to the defendant or holding money or property in which he has an interest or holding evidences or securities for the same may also be made defendants. It will therefore be seen that this section has no application since this was not an action for discovery and the plaintiff's claims had not been reduced to judgment on which execution had been returned "no property found." Section 227 of the Civil Code of Practice prescribes the procedure to be followed in the event of failure of the garnishee to make disclosures satisfactory to the plaintiff in conformity with the preceding sections. In the Bowen v. Emmerson Case, cited, the appellee had recovered judgment against one True. Execution thereon had been returned by the proper officer "no property found," and, in an equitable action by appellee against the judgment debtor and his debtor Bowen, default judgment was entered against the latter. It was held that the averments of the petition were sufficient to reach choses in action and other interests of True, subject by statute to payment of his debts under section 474 (now section 439) of the Civil Code of Practice; or that it might be regarded as a proceeding under section 248 (now section 227) of the Civil Code of Practice.

In so far as pertinent, section 224 of the Civil Code of Practice provides in substance that a garnishee summoned shall appear in person or by affidavit of the garnishee filed in court disclosing the sum owing by him to the defendant debtor or any property of the defendant in the possession or control of the garnishee. The following section, section 225, provides in effect that, if the garnishee or the officer of the corporation summoned as garnishee appear in person, he may be examined on oath, and, if such examination reveals that at the time the order of attachment was served he or the corporation had in possession any property of the defendant or was indebted to him, he may be ordered to deliver such property and the payment or securities for payment of

the sum owing by the garnishee into the court or to such person as may be directed; or upon execution of a bond in court may permit the garnishee to retain the property or sum owing. The section further provides how the bond for the forthcoming of the property may be enforced.

Section 226 of the Civil Code of Practice reads:

"If such garnishee or officer make default, by not appearing, the court may, on the motion of the plaintiff, compel him to appear in person for examination, by process as in cases of contempt; or it may hear proof of any debt owing or property held by the garnishee to or for the defendant, and make such order in relation thereto as if what is so proved had appeared on the examination of the garnishee or officer."

Section 227 provides in substance, among other things, that upon the failure of the garnishee to make a disclosure satisfactory to plaintiff the latter may bring a direct action against him by petition or by amended petition.

There is at common law no privity, contractual relation or other relation between the creditor and his debtor's debtor which would give to the former a direct cause of action against the latter. Formerly, however, a judgment creditor might reach the assets of the defendant in the hands of another which could not be reached by execution by what was known as a creditor's bill. But in this, as in most other states, the procedure has been cheapened and simplified by statute such as section 439 of our Civil Code of Practice. The remedy of a creditor before judgment as against a garnishee is prescribed by section 224 to 227, inclusive, of the Civil Code of Practice, and afforded appellant an ample legal remedy, but it is our view that none of the three sections preceding section 227 gives to a creditor a direct cause of action against a mere garnishee, and no greater right is given or conferred as against such garnishee by joining him as a defendant with the plaintiff's debtor and having him summoned as such; nor is there anything in those sections expressly or impliedly authorizing or empowering the court to render default judgment against the garnishee.

In Bowen v. Emmerson, supra, the case of Smith v.

Gower, 60 Ky. 171, 3 Metc. 171, was cited and relied upon, and that case is conclusive of the question presented by this appeal. Clearly, the proceedings in Bowen v. Emmerson were proper under section 474 (now section 439) of the Civil Code of Practice, but we doubt the correctness of the statement in the opinion that it might "be regarded as a proceeding under section 248 [now section 227], Civil Code," since that action was based on a judgment and return of "no property found," and not upon the failure of a garnishee to make satisfactory disclosure. The action was justified under section 474, and the reference to section 248 of the Code was unnecessary to a determination of the appeal and was apparently thrown in inadvisedly. That statement is not in harmony with the holding in Smith v. Gower but, on the other hand, is diametrically opposed to it. In the latter case the court entered into a full discussion of the proceedings to be followed under sections 244 to 248 (now sections 223 to 227) of the Civil Code of Practice and, after quoting section 247 (now section 226), said:

"In the case before us, the appellants had been regularly summoned as garnishees; they had failed to appear either in person or by affidavit, and had thereby made default. The case was strictly within the provisions of the section just quoted. The court might have coerced their personal appearance in court, for examination. That, however, was not done, but the other remedy provided for was adopted; the court heard proof of the debt owing by the garnishees to the defendant. Upon the hearing of this proof, what was the next duty of the court? To render a final judgment in favor of the plaintiff against the garnishees? Not at all. The authority of the court is strictly limited, in such case, to the making of 'such order as if what is so proved had appeared on the examination of the garnishee.' We are, then, to look to the next preceding section for the 'order' which the court may make, where the indebtedness of the garnishee appears on his personal examination. In such case 'the court may order the delivery of such property, and the payment or security for the payment of the amount owing by the garnishee into court, or to such person as it may direct, who shall give bond with security for the same; or the court may permit

the garnishee to retain the property or the amount owing, on the execution of a bond,' etc. Here we have an enumeration of the several orders which the court may make, in the state of case provided for, and at the same time a well defined limitation to the power of the court. It may order the payment of the amount owing into court, or into the hands of a receiver, to be appointed for that purpose, or the garnishee may be allowed to retain the amount due on the terms prescribed. Beyond this the court cannot go. The authority to render a final and absolute judgment, in favor of the plaintiff against the garnishee, enforceable by execution, and beyond the subsequent control of the court, is neither expressly conferred nor fairly deducible from any just view of the policy and objects of the statutes regulating these stringent and summary remedies. And if anything more were needed to demonstrate the correctness of this conclusion, it is to be found in section 248 of the Code, which expressly provides the mode—and the only mode—in which such judgment may be obtained. * * *

"Now, assuming, as is contended, that the court might, upon the mere default of the garnishee, after being summoned as such, have proof of alleged indebtedness to the defendant, and thereupon render a final judgment against him in favor of the plaintiff, for the amount of the debt so proved, why would the legislature have provided, in the very next section, a distinct mode of proceeding, applicable to this precise state of case, carefully guarding the rights of the garnishee by requiring that a summons shall be issued upon the petition, and thereupon such proceedings to be had as in other actions."

See, also, Wearen & Evans v. Matheney, 3 Ky. Law Rep. 710.

The conclusion was that the judgment was unauthorized. Since right of garnishment is statutory, the statute must be strictly construed and adhered to and no presumption of jurisdiction indulged and none assumed beyond that which is expressly provided and conferred by statute, when strictly construed against the person resorting thereto. Luse v. Fort Worth Electric Company, Tex. Civ. App., 261 S. W. 163; Webber v.

Richter, 217 Mich. 561, 187 N. W. 528; Commercial Trust v. William Frankfurth Hardware Company, 179 Wis. 21, 190 N. W. 1004; La Salle Opera House Co. v. La Salle Amusement Company, 289 Ill. 194, 124 N. E. 454.

In the light of the quoted provisions of the Code and authorities cited, we are constrained to hold that the court was without power or authority to render default judgment against the garnishee, and therefore the judgment appealed from is correct and must be affirmed.