## Hartford Fire Ins. Co. v. Green et al.

March 22, 1940.

Churchill Humphrey, Judge.

Frank M. Drake for appellant.

Gray Maclean Blanchard for appellee Green.

Appellee Jerome Soles not represented.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

On the trial below William Green was plaintiff, and appellant defendant. Here parties appellee are Green and Soles.

Prior to December 21, 1927, Soles was the owner of a lot in Jefferson County, and contracted with Green to build a house thereon at a price of $400. When the house was completed Soles went to the Avery Building Association to procure cash to pay cost of materials and supplies, and obtained $1,100, for which amount he executed his note and a mortgage to secure its payment. Payments were to be made weekly, covering a long period. Not having paid Green for his services, Soles later executed a note to him for $400, due in fifteen months, secured by second mortgage.

Some time in October 1930, appellant issued a one year policy on Soles' property, insuring it against loss by fire in the sum of $1,500. This policy contained a clause providing for payment to the Association in case of loss, as its interests might appear. There was no such provision as to Green's mortgage.

In September of 1931 Soles' property was totally destroyed by fire, and later the Building Association furnished appellant proof of loss, and according to the terms of the loss clause it paid the Association $916, the balance then due on its debt. This left in the hands of the insurer $584, and there is no controversy as to the correctness of these amounts. We shall undertake to state the issues gained with difficulty from a mass of involved pleadings by appellee Green.

On May 15, 1931, Green filed his petition in which he recited the indebtedness of Soles, evidenced by his note and mortgage, and the mortgage to the Association, admitting its priority. He also mentioned a third mortgage, and made the first and third mortgagees parties defendant, and sought to establish his lien and have a sale of the property to satisfy his debt. At this time Soles was absent from the State, and was constructively summoned.

The Association set up its superior claim, asked judgment for $854.83, the balance due on its mortgage debt. This answer by amendment was made cross-petition against Soles and subsequent mortgagees, and Soles warned to appear. Upon submission the court adjudged the Association a superior lien, ordered sale, with a secondary lien on the proceeds in favor of Green. This judgment was entered on January 9, 1932.

On May 6, 1932, in this same action, Green sought an attachment against the still absent defendant Soles' property, which was general in its nature, but in an improper way sought to make appellant a garnishee. This attachment was returned endorsed ''No property found.''

On May 19, 1932, after changing counsel, Green filed an amended petition making appellant a party defendant, seeking to make it a garnishee, on the ground that it was indebted to Soles. The appellant did not respond, since a demurrer was sustained to the amendment. Warning order was asked, and attorney appointed, but there is neither report nor answer.

On April 29, 1933, Green filed another amended petition, which apparently did not sufficiently state any cause as against appellant. Again on April 29, 1935, still another amendment was filed, prepared by still

another attorney. Whether this amendment, or those above mentioned, stated a cause we need not determine, since there is another to follow. We may say that during all these times Soles was still an absentee.

Appellant answered as garnishee, denying any indebtedness to defendant, Soles, and with its answer filed a copy of the policy. No action was taken on the pleadings in this condition. We come at last to the "petition in equity as amended," by still a different attorney, which the court on his own motion ordered to be treated as a substituted petition, this without objection by appellee Green, but over the objection of appellant, and to which appellant then demurred.

In this substituted pleading Green reiterated all the facts with respect to his alleged debt, which by various payments thereon had been reduced to $299.50, his mortgage, and the action of the Association in the entire matter, and the terms and conditions of its loss clause, claiming in an indirect way that the loss clause was for his benefit.

He pleads that following the fire, the Association acting for itself and on his behalf, and as agent for defendant Soles, furnished appellant with proof of the loss by fire, and that "each of the parties demanded payment by reason of the terms of the policy." He then relates the payment to the Association under the loss clause, leaving a balance "Which belongs to the defendant Jerome Soles, and in which this plaintiff has an interest," to the extent of his debt with interest; that since appellant is indebted to Soles for the unpaid balance, and Soles owes him a balance on his note, he should be paid said balance. He asks for judgment against Soles; that the insurer be made a party defendant, summoned as garnishee, and to answer and disclose what money, property or choses in action it has in its possession belonging to Soles, and that a sufficiency thereof be applied to his debt.

On this petition summons was issued against the Association, and the appellant. Soles was not summoned, nor was there a warning order sought or issued. In his pleading Green avers that Soles is still an absentee, his place of residence unknown, but that "Soles has heretofore been brought before this court by warn-

ing order, and that warning order attorney has heretofore filed reports in this record and refers to same as having been heretofore filed."

The insurer, after its objection to the filing of its motion to strike the substituted petition, and its demurrer thereto had been overruled, answered, the first paragraph being a denial of the material allegations of the petition, and plead a defense as against Green, the merits of which we do not now determine.

A reply of plaintiffs pleads that by "right of subrogation he stands in the shoes of Jerome Soles," and has a claim against the insurer which has never been paid. The cause was submitted on the demurrer to plaintiff's reply, on June 24, 1938, and on that day the court delivered an opinion, making no ruling further than to refer the matter to his commissioner. Later appellant and Green stipulated as follows:

"That the amount paid the Association was $916, leaving as the face of the policy, $584.

"(1) Jerome Soles' property was insured by appellant for one year from September 30, 1931, according to the terms of the policy exhibited, in the sum of $1500.

"(2) A loss occurred on August 17, 1931, and said loss as fixed by the valued property statute, was the face of policy in the event any liability existed.

"(5) The net amount owing by Jerome Soles to Wm. Green is $299.50, with interest from December 23, 1927, until paid, which latter is the date as of which said amount was due as shown by judgment pleaded herein.

"(6) The insurer, for the purpose of the issues now before the court does not make or claim any defense (other than those which are excluded by the order of reference for determination by the Commissioner) against Jerome Soles as to the balance of the policy found under paragraph (4) of the order of reference."

The cause was submitted on the pleadings and evidence, and the court adjudged:

"(1) That the defendant Jerome Soles is in-

debted to the plaintiff William Green, in the sum of $584, and the costs herein.

"(2) The Hartford Fire Insurance Company is indebted to the defendant Soles in the sum of $584.

"(3) That the attachment herein on the above stated money in the possession of the Hartford Fire Insurance Company within Jefferson County, together with the grounds therefor, be and they are hereby sustained.

"(4) The Hartford Fire Insurance Company is directed to pay this money into court, there to abide the further orders of this court, and the amount so paid be credited upon its above mentioned indebtedness to the said Jerome Soles.

"(5) Upon payment by the Hartford Fire Insurance Company to plaintiff Green, said company shall stand relieved pro tanto of indebtedness to Soles.

"(6) To all of which the defendant Insurance Company objects and excepts, with appeal granted."

The judgment was followed by motion to set aside the judgment on the ground that it was void, because parties were not properly before the court, which was overruled with exception and appeal. Civil Code of Practice, Section 763. Fugate v. Fugate, 259 Ky. 18, 81 S. W. (2d) 889.

In the opinion of the chancellor it was remarked that "plaintiff Green has never been able to get defendant Soles before the court. * * * A condition rather than a theory confronts this court. If this case be allowed to continue without judicial intervention, plaintiff, judging by his past record, will never be able to pin the insurance company down long enough to arrive at an issue. * * * But today, at long last, judges are beginning to renounce the servile status of referee between lawyers and are beginning to reassume the office of dispensers of justice between litigants. And Civil Code of Practice, Section 114 points the way."

After summarizing the pleadings, and fixing the

472

manner of hearing by the commissioner, the chancellor remarked:

> "This is undoubtedly putting a burden on Civil Code of Practice, Section 114, never placed there before. But there is no other way I see by which to reach the merits of this case."

The Code section referred to requires the parties, before trial, to form material issue concerning each cause of controversy, "and it is the duty of the court, upon or without motion, to compel them to do so; and, for that purpose, they may be required to reform their pleadings or the pleadings of a party who is in fault may be stricken from the case." This section has been construed in Clark v. Louisville Trust Co., 229 Ky. 101, 16 S. W. (2d) 799. We agree with the chancellor's conclusion that there was being placed an unusual burden on the section of the Code.

Without again setting out the items mentioned in the judgment, we are of the opinion that the court was in error in that part of the judgment which adjudges that Soles is indebted to Green in the sum of $584, which is the amount which insurer stipulated was the face balance of the policy, after paying Avery. In the substituted petition the allegation is, that plaintiff's balance due on the note is $299.50, with interest from December 23, 1927, until paid.

In the alleged attachment the same figures are given; likewise in the stipulation, the case coming to a head on demurrer to appellee's reply to appellant's answer. The final judgment was entered on August 23, 1938. Interest was to run from December 23, 1927; the amount then due was approximately $490. The court should not have adjudged appellant to pay in, in any event, more than was found to be due to Green.

In next to the last amendment, warning order was asked and the necessary affidavit was made, but no bond executed under Civil Code of Practice, Section 410; warning order attorney was named, but filed no report or answer. Attachment and summons was served on the bookkeeper of the appellant, but upon motion of appellant the summons was quashed, and alias summons only was issued, and executed on the company's secretary.

We come now to the "petition in equity as amended." It was stated that Green was a nonresident, but no warning order was asked for or issued. Plaintiff suggested in the pleading that Soles has heretofore constructively brought before the court, and that warning order attorney had theretofore filed report, and plaintiff merely referred to same.

As we view the entire record, the only time during the whole proceeding that Soles was before the court, was on the original petition which sought to enforce a lien on Soles' lot, and in which no personal judgment was asked or granted, and which presented a different cause from that presented in the substituted petitions.

Section 419 of the Civil Code of Practice provides that:

> "No personal judgment shall be rendered against a defendant constructively summoned, or summoned out of this State as provided for in section 56, and who has not appeared in the action."

It is true that in construing this section we have intimated that if a plaintiff has acquired a lien by attachment against the property of a nonresident, the judgment may go, subjecting the property of the nonresident to the payment of the alleged lien debt, but only to the extent of the proceeds of such property. We had the converse of this question before us in First National Bank v. Sanders Bros., 162 Ky. 374, 172 S. W. 689, 691, in which we held that:

> "The only judgment that could have been rendered, if a valid order of attachment had been obtained, and a valid warning order made, was one to appropriate the proceeds of the sale of Charles Sanders' property to the payment of appellant's debt to the extent of the proceeds of the property."

See Bond v. Wheeler, 197 Ky. 437, 247 S. W. 708.

Section 439, Civil Code of Practice, provides how a lien may be created as against debtor's property, upon a return of nulla bona. Here Green failed to comply with either sections 439 or 122 of the Civil Code of Practice. To constitute a good pleading which would sustain a lien, it must be alleged that the plaintiff has recovered "a judgment against the defendant whose

property he seeks to attach." Green never claimed to have a personal judgment against Soles. Under section 122 of the Civil Code of Practice a judgment may be pleaded in general terms, but, it must be shown that "the judgment remains unsatisfied in so far as it is sought to be collected. * * * That the plaintiff has caused an execution to issue on the judgment directed to the county in which the judgment was rendered, or in which the defendant resided. * * * That the execution, while in full force and effect, was placed in the hands of an officer authorized to execute it." As said in the case from which the above excerpt is taken (Shaw v. McKnight Grocery Co., 231 Ky. 223, 21 S. W. (2d) 269, 271, 272), "It is obvious that the petition in the present case did not comply with the requirements of the law."

In the case of Ray v. Peter Fox Sons, 272 Ky. 497, 114 S. W. (2d) 750, we held that the law governing garnishments is statutory and being so must be strictly construed and adhered to; and in such proceedings no presumption of jurisdiction is to be indulged, and none assumed beyond that expressly conferred, strictly construed against the person resorting thereto. The case is also in point, in that it holds that plaintiffs' alleged debt must be reduced to judgment before he may proceed under section 439 of the Code.

After a strict search of the record, and re-reading the voluminous and complicated pleadings of plaintiff, we fail to find, up to the time of the rendition of the judgment now appealed from, any judgment other than the one giving Green a lien on the proceeds of an ordered sale. Even in this same judgment it was provided that "plaintiff shall withdraw no part thereof until right thereto is established." The "proceeds" upon which lien was adjudged are not involved in the subsequent pleadings.

Some complaint is made as to the assessment of costs in the lower court. Costs were adjudged both against Soles and the Company. Our conclusion that the judgment should be reversed, makes a discussion of the cost question unnecessary.

Judgment reversed with directions to set aside the same, and for proceedings consistent herewith.